UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIE J. RIDEOUT, JR.,

     Plaintiff,

vs.

SHELBY TOWNSHIP, SHELBY
TOWNSHIP POLICE DEPARTMENT,
CHIEF OF POLICE ROBERT SHELIDE,
POLICE OFFICERS:  JOSEPH WOJCIK,
MARK BENEDETTINI, TERRANCE
HOGAN, KEVIN BAILEY, ERMIR VILA,
JUSTIN GOEBEL, ROBERT HEISLER; and
other Assisting Police Officers, John Does, to
be determined AND MACOMB COUNTY,
~~and PROSECUTOR PETER LUCIDO~~,

     Defendants.

Case No. 2:22-cv-11597-MFL-DRG
Hon. F. Kay Behm
Mag. Judge David R. Grand

_____/

ELDER BRINKMAN LAW
By:  AZZAM ELDER (P53661)
Attorneys for Plaintiff
1360 Porter St., Suite 250
Dearborn, MI 48124
(313) 879-0355
800-MyLawFirm
aelder@elderbrinkmanlaw.com

KIRK, HUTH, LANGE & BADALAMENTI, PLC
By: ROBERT S. HUTH, JR. (P42531)
     RAECHEL M. BADALAMENTI (P64361)
Attorneys for Defendants Shelby Township,
Shelby Township Police Department, Chief
Robert Shelide, Sgt, Joseph Wojcik, Sgt. Mark
Benedettini, Det./Lt. Terrance Hogan, Sgt. Kevin
Bailey, Det. Ermir Vila, Ofc. Justin Goebel and
Det./Sgt. Robert Heisler
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900     Fax: (586) 412-4949
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com

KORKIS LAW FIRM, PLLC
By:  NINA KORKIS TAWEEL (P63031)
Co-Counsel for Plaintiff
1360 Porter St., Suite 200
Dearborn, MI 48124
313-581-5800
nina@korkislaw.com

_____/

**STIPULATED PROTECTIVE ORDER**

1. The documents identified in paragraph 2 hereto shall be deemed Confidential and shall be omitted from any filing, appropriately redacted and/or filed under seal from public view if submitted with any filing in this matter absent agreement of the Designating Party, as described in paragraphs 5 and 6 below. Said materials may be affixed to a "Judge's Copy" that is mailed or hand delivered directly to the presiding Judge or Magistrate for purposes of any motion, conference or other proceeding in this case so long as the same are clearly marked "Confidential" so as to reasonably inform Court personnel that the document must be sealed from public view.

2. This Order applies to the following:

    a) Personnel records of Defendant Officers;
    b) Policies, procedures and General Orders of Defendant Shelby Township and/or its Police Department; and
    c) Shelby Township Police Incident Reports, attachments thereto and other materials of Shelby Township and/or its Police Department marked "Privileged" or "Confidential".

3. This confidential information shall only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following Qualified Recipients:

    a. The named parties to this litigation;

    b. Counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    c. Third-party records and/or expert service providers, including but not limited to MinuteMan, ExamWorks and RubinAnders;

    d. Deposition notaries and staff;

    e. Deponents during the course of their depositions or potential witnesses of this case. Such deponents may be shown "Confidential" materials during their

deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential information discussed therein;

f. Persons other than legal counsel who have been consulted, retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

g. Persons other than legal counsel who have been consulted, retained or specially employed by a party to assist in the preparation and trial of this case; and

h. This Court and its staff members.

4. Nothing in this Order shall prevent either party from using any information classified as Confidential at trial, or during a hearing, subject to the paragraph 1 above. However, the party that designated material "Confidential" may request that the portion of the proceedings where said use is made shall be *in camera* and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 1 hereof, with access thereto limited to Court personnel and persons entitled to access under this Order.

5. Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party filing a pleading that recites or relies upon a document marked "Confidential" shall be required to meet and confer with the Designating Party to lift the designation before it may be filed into the public record. The Designating Party shall in good faith consider any request to remove the designation and respond reasonably to such request(s). To the extent there is no agreement reached as to the designation, the party may not file the designated document into the public record and must submit it under seal. To do so that party must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by

the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

6. Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

7. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other document.

8. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining modification of this Order.

**So Stipulated:**

By: <u>*/s/ Nina Korkis Taweel*</u>        By: <u>*Raechel M. Badalamenti*</u>
    Nina Korkis Taweel (P63031)              Raechel M. Badalamenti (P64361)
    Attorney for Plaintiff                              Attorney for Defendants

Dated: April 15, 2024                          <u>s/F. Kay Behm</u>
                                                                      F. Kay Behm
                                                                     U.S. DISTRICT COURT JUDGE